WCP:hyb
8/11/05

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY<br>5260 Western Avenue<br>Chevy Chase, Maryland 20815<br><br>　　　Plaintiff<br><br>v.<br><br>SALVADOR C. FULGUERAS<br>5400 Navada Avenue, N.W.<br>Washington, DC 20015<br>C/O:　David Carter<br>　　　Meyers, Rodbell & Rosenbaum,<br>　　　　P.A.<br>　　　6801 Kenilworth Avenue<br>　　　Riverdale Park, MD 20737-1385<br><br>and<br><br>MARTINIANA FULGUERAS<br>　5400 Navada Avenue, N.W.<br>Washington, DC 20015<br>C/O:　David Carter<br>　　　Meyers, Rodbell & Rosenbaum,<br>　　　　P.A.<br>　　　6801 Kenilworth Avenue<br>　　　Riverdale Park, MD 20737-1385<br><br>And<br><br>ZERETIA LYNE BROOKS<br>1805 N. Capital Street, N.E.<br>Washington, DC 20002<br>S/O:　Jason Kerpelman<br>　　　601 Indiana Avenue, N.W.<br>　　　Suite 715<br>　　　Washington, DC 20004<br><br>And | *<br>*<br>*<br>*<br>*　CASE NO.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\GEICO v. Fulgueras\DJ Complaint.doc

```
JAIMEON ANTHONY BROOKS, Minor    *
by his mother ZERETIA LYNE BROOKS
1805 N. Capital Street, N.E.     *
Washington, DC 20002
S/O:   Jason Kerpelman            *
       601 Indiana Avenue, N.W.
       Suite 715                  *
       Washington, DC 20004
                                  *
       Defendant
              *     *     *     *     *     *     *
```

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Government Employees Insurance Company (hereinafter "GEICO") by way of its Complaint for Declaratory Judgment against Salvador C. Fulgueras, Martiniana Fulgueras (hereinafter "Fulgueras") Zeretia Lyne Brooks, and Jaimeon Anthony Brooks, (hereinafter "Brooks"), says:

## GENERAL ALLEGATIONS

1. This is an action for declaratory judgment for the purpose of determining a question of actionable controversy between the parties, as hereinafter more fully appears.

2. This Court has original jurisdiction herein pursuant to 28 USC § 1332; and 28 USC § 2201.

3. At all times hereinafter mentioned, GEICO was and still is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business located in Chevy Chase, Maryland.

4. At all times hereinafter mentioned, the Fulgueras were residents of, and domiciled in the District of Columbia.

5. At all times hereinafter mentioned, the Brooks were residents of, and domiciled in the District of Columbia.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\GEICO v. Fulgueras\DJ Complaint.doc

6. In 1987, GEICO issued a homeowner's policy to Fulgueras. The policy insured the premises at 5400 Nevada Avenue, N.W., Washington, D.C., and provided liability coverage to Fulgueras, subject to various terms, conditions and exclusions under the policy. The policy was assigned GEICO policy number H1313681. See GEICO policy H1313681, attached as "Exhibit 1".

7. In June of 1992, Fulgueras leased a rental property located at 1401 "G" Street, N.E., Washington, D.C. to Defendant Zeretia Lyne Brooks. At the time the lease was entered into, Fulgueras did not have any liability coverage under the GEICO policy for the property located at 1401 "G" Street, N.E. 1401 "G" Street, N.E. was not an "insured location" as defined in the GEICO policy. The GEICO homeowner's policy contained the following exclusions which state:

**SECTION II – EXCLUSIONS**

1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damage":

   a. Which is expected or intended by the "insured;

   c. Arising out of the rental or holding for rental of any premises by an "insured." This exclusion does not apply to the rental or holding for rental of an "insured location":

   (1) On an occasional basis if used only as a residence:

   (2) In part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or

   (3) In part, as an office, school, studio or private garage;

  e. Arising out of a premises;

    (1) Owned by an "insured";

    (2) Rented to an "insured"; or

    (3) Rented to others by an "insured";

  that is not an "insured location";

See "Exhibit 1" at pgs. 12 and 13.

8. Minor Defendant Jaimeon Brooks was born on April 20th, 1990. On May 5th, 1993, Jaimeon Brooks was allegedly diagnosed with an elevated blood lead level.

9. On July 22nd, 1993 the District of Columbia Department of Consumer and Regulatory Affairs issued a notice of hazardous lead based paint existing at 1401 "G" Street such that it constituted a hazard to the minor Defendant, Jaimeon Brooks, who had been diagnosed with an elevated blood lead level two months earlier on May 5th, 1993. See District of Columbia notice, attached hereto as "Exhibit 2".

10. The District of Columbia Department of Consumer and Regulatory Affairs lead notice was issued to Fulgueras on July 22nd, 1993, and was received by Fulgueras between that date and September, 1993. See "Exhibit 2".

11. On September 27th, 1993, Fulgueras contacted GEICO and submitted a request to increase his liability insurance under Homeowner's policy H1313681 from $300,000 to $500,000.

12. On September 29th, 1993, Fulgueras contacted GEICO and requested that the rental property at 1401 "G" Street, N.E. be added as an insured location for purposes of obtaining liability coverage for the rental property at 1401 "G" Street, N.E.

13. In contacting GEICO to secure additional liability coverage and to add 1401 "G"

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

Street, N.E., as an "insured location", Fulgueras failed to disclose the elevated blood lead level of Jaimeon Brooks, a tenant at 1401 "G" Street, N.E. and further failed to disclose the notice received from the District of Columbia advising that 1401 "G" Street contained hazardous lead-based paint.

14. On October 2nd, 1993 Fulgueras applied for a GEICO liability umbrella policy, policy number P1953201. The GEICO Umbrella policy issued contained an exclusion for any claims related to exposure to, or ingestion of lead. Fulgueras failed to disclose the elevated blood lead level of his tenant Jaimeon Brooks, or the District of Columbia notice advising that 1401 "G" Street, N.E. contained hazardous lead-based paint. The GEICO Umbrella "Pacesetter" lead exclusion states:

> The following exclusions are added.
>
> Part III – Exclusions
>
> We do not cover damages from:
>
> 1. the eating of paint that has lead in it.
>
> 2. the eating of paint that has lead compounds in it.
>
> 3. the inhalation of paint that has lead in it.
>
> 4. the inhalation of paint that has lead compounds in it.
>
> 5. radon or any other substance that emits radiation.
>
> 6. (including liability imposed by law) the discharge, disposal, release or escape of:
>
>    a. vapors or fumes.
>    b. gas or oil.
>    c. toxic chemicals, liquids or gas.
>    d. waste materials.
>    e. irritants, contaminants or pollutants.
>
> All other conditions are the same.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\GEICO v. Fulgueras\DJ Complaint.doc

See GEICO "Pacesetter" Umbrella Policy, form PPA-1 (4-87), and lead exclusion attached as "Exhibit 3".

15. The GEICO Homeowner's policy contains the following liability coverage:

**SECTION II – LIABILITY COVERAGES**

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

See "Exhibit 1" at pg. 12.

16. The GEICO Homeowner's policy defines "insured location" and "occurrence" in the following manner:

4. "Insured location" means:

a. The "residence premises";

b. The part of other premises, other structures and grounds used by you as a residence and:

(1) Which is shown in the Declarations; or

(2) Which is acquired by you during the policy period for your use as a residence;

  c. Any premises used by you in connection with a premises in **4.a.** and **4.b.** above;

  d. Any part of a premises:

   (1) Not owned by an "insured"; and

   (2) Where an "insured" is temporarily residing;

  e. Vacant land, other than farm land, owned by or rented to an "insured";

  f. Land owned by or rented to an "insured" on which a one or two family dwelling is being built as a residence for an "insured";

  g. Individual or family cemetery plots or burial vaults of an "insured"; or

  h. Any part of a premises occasionally rented to an "insured" for other than "business" use.

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

  a. "Bodily injury"; or

  b. "Property damage."

See "Exhibit 1" at pg. 1.

17. The GEICO Homeowner's policy also contains the following limitation of liability which states:

**SECTION II – CONDITIONS**

1. **Limit of Liability.** Our total liability under Coverage E for all damages resulting from any one "occurrence" will not be more than the limit of liability for Coverage E as shown in the Declarations. This limit is the same regardless of

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

the number of "insureds," claims made or persons injured. All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one "occurrence."

Our total liability under Coverage F for all medical expense payable for "bodily injury" to one person as the result of one accident will not be more than the limit of liability for Coverage F as shown in the Declarations.

See "Exhibit 1" at pg. 16. In addition, in a section entitled Special Provisions – District of Columbia, the limit of liability is reiterated by the policy which states:

**SPECIAL PROVISIONS – DISTRICT OF COLUMBIA**

**SECTION II – CONDITIONS**

1. **Limit of Liability**, is deleted and replaced by the following:

1. **Limit of Liability**. Except as noted in the special limit below, our total liability under Coverage E for all damages resulting from any one "occurrence" will not be more than the limit of liability for Coverage E as shown in the Declarations. All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions will be considered to be the result of one "occurrence."

**Special Limit of Liability:** Our total liability under coverage E is $10,000 for damages for which an "insured" is legally liable because of vicarious liability, whether or not statutorily imposed, or the actions of a child or minor, if such vicarious liability is not otherwise excluded. This special limit does not increase the Coverage E limit of Liability.

Our applicable limit of liability is the same regardless of the number of "insureds," claims made

or persons injured.

> Our total liability under Coverage F for all medical expense payable for "bodily injury" to one person as the result of one accident will not be more than the limit of liability for Coverage F as shown in the Declarations.

See "Exhibit 1", GEICO form HO 01 08 04 91.

18. On April 25th, 1994 due to a refinance, GEICO issued a new Homeowner's policy to Fulgueras. The Homeowner's policy retained its number, H1313681, but a new form Homeowner's policy was issued, form HO 00 03 04 91. The new Homeowner's policy issued to Fulgueras on April 25th, 1994 contained GEICO's lead exclusion HUE-461 (12-92). The GEICO Homeowner's lead exclusion states:

**HOMEOWNERS AMENDATORY ENDORSEMENT**

The following exclusions are added.

Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damage" arising:

1. out of the eating of paint that has lead in it.

2. out of the eating of paint that has lead compounds in it.

3. out of the inhalation of paint that has lead in it.

4. out of inhalation of paint that has lead compounds in it.

5. from radon, or any other substance that emits radiation.

6. in any manner (including liability imposed by law) from the discharge, disposal, release or escape of:

   a. vapors or fumes.
   b. gas or oil.
   c. toxic chemicals, liquids or gas.

      d.    waste materials.
      e.    irritants, contaminant or pollutants.

All other conditions are the same.

GEICO form HUE-46 (12-92). See new Homeowner's policy and lead exclusion attached hereto as "Exhibit 4".

19.    In May of 2000, Defendants Brooks sued Defendant Fulgueras in the Superior Court of the District of Columbia, Civil Actions Number 0003763-00, alleging that minor Jaimeon Anthony Brooks sustained permanent injury due to his ingestion of lead while a tenant with mother Zeretia Lyne Brooks at 1401 "G" Street, N.E., Washington, D.C. See copy of Tort Complaint, attached as "Exhibit 5".

20.    GEICO has provided a defense to Fulgueras. GEICO seeks a declaratory order seeking to be relieved of any duty to defend or indemnify Fulgueras on the grounds that Fulgueras made material misrepresentations in obtaining liability coverage from GEICO for his rental property at 1401 "G" Street, N.E. and that the operative events that are the subject of the Brooks suit against Fulgueras, including the injury to minor Jaimeon Brooks, occurred prior to 1401 "G" Street, N.E. being added as an insured location under any GEICO policy. GEICO seeks a declaratory order with regard to its umbrella policy on the grounds that the policy contains a clear and unambiguous lead exclusion, and GEICO seeks to be relieved of any duty to defend or indemnify Fulgueras under the Homeowner's policy issued on April 25th, 1994, form Number HO 00 03 04 91, on the grounds that it also contains a GEICO lead exclusion, form HUE-46 (12-92).

21.    The Brooks' tort claims against Fulgueras, now pending in the Superior Court for the District of Columbia, case number 0003763-00 involving alleged injuries to Brooks are referred to hereinafter "the claims".

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

# COUNT I
## GEICO IS NOT OBLIGATED TO DEFEND OR INDEMNIFY FULGUERAS ON THE GROUNDS THAT THE CLAIMS DO NOT INVOLVE A COVERED OCCURRENCE FOR AN INSURED LOCATION, AND ON THE GROUNDS THAT FULGUERAS NEGLIGENTLY OR INTENTIONALLY MISREPRESENTED OR CONCEALED FACTS REGARDING THE ISSUANCE AND/OR RENEWAL OF ANY POLICIES OF INSURANCE ISSUED TO FULGUERAS

22. GEICO herein repeats and realleges the allegations contained in paragraphs one through twenty-one above, as though fully set forth herein.

23. GEICO asserts that its Homeowners and Umbrella policies issued to Fulgueras do not provide coverage for the claims made against Fulgueras by Brooks. The GEICO policies do not provide coverage for the following reasons:

   A. The GEICO insurance policies issued to Fulgueras are void ab initio due to material misrepresentations of fact contained in the Fulgueras policy applications and information submitted to GEICO for coverage under the Homeowner's and Umbrella policies;

   B. The claims, in whole or in part, do not arise from events that would constitute a covered "occurrence" as defined in the GEICO policy;

   C. The claims occurred at 1401 "G" Street, N.E., which was not an "insured location" at the time of the alleged injury to Brooks and at the time Fulgueras received notice from the District of Columbia, Department of Consumer and Regulatory Affairs of Hazardous Lead Based Paint at 1401 "G" Street, N.E.;

   D. The claims are subject to GEICO's lead exclusion which was issued as part of the umbrella policy, and was issued as part of the new Homeowner's policy issued on April 25th, 1994;

   E. The claims seek recovery for bodily injury expected or intended by Fulgueras;

   F. GEICO was not properly notified of the claims as required in the policy;

   G. The claims in whole or in part, are otherwise outside of the coverage provided by the GEICO policy;

   H. To the extent that Fulgueras claim coverage under a policy or policies of GEICO, the existence, terms, conditions, exclusions, endorsements and limits of which GEICO is unable to establish, Fulgueras are not entitled to coverage unless they can prove the existence, terms, conditions, exclusions, endorsements and limits of

such policy; and

I. The policies do not provide coverage for claimed punitive damages.

24. GEICO asserts that as a condition precedent to coverage, the policy imposes various obligations upon Fulgueras in the event of an occurrence, claim or suit, requiring Fulgueras to give GEICO proper and timely notice of the matters which form the basis of the claims for which they seek coverage, or to be defended or indemnified. As to some or all of the claims, Fulgueras have failed to give GEICO proper and timely notice or have failed to properly cooperate in their defense.

25. GEICO asserts that its policy does not provide coverage for some or all of the claims to the extent that Fulgueras have:

A. Failed to mitigate, minimize or avoid any damages they allegedly caused;

B. Promise to pay or voluntarily made payment of sums in the settlement of claims;

C. Failed to take, at their own expense, all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar condition;

D. Failed to perform all other conditions and obligations with the GEICO policy required them to perform in order to invoke coverage;

E. Failed to cooperate with GEICO upon GEICO's request and have failed to provide GEICO with information as to the status of the subject claims or failed to disclose the status of the subject claims prior to obtaining liability coverage under the GEICO policies; and

F. Failed to properly notify GEICO of the claims being made by or on behalf of Brooks which now form the basis of a suit pending in the Superior Court of the District of Columbia.

**WHEREFORE**, GEICO prays:

A. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the subject policies of insurance;

B. That this Court find and declare that GEICO is under no duty to defend or

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\GEICO v. Fulgeras\DJ Complaint.doc

indemnify Fulgueras, their agents, servants or employees against any claims made by Brooks as stated in the suit now pending in the Superior Court for the District of Columbia, case number 0003763-00;

    C.    That this Court award to GEICO the cost of these proceedings;

    D.    That this Court award GEICO such other and further relief as in law and justice it may be entitled to receive.

                                                                Respectfully submitted,

                                                                */s/ William C. Parler, Jr.*
                                                                  WILLIAM C. PARLER, JR.
                                                                **PARLER & WOBBER, L.L.P.**
                                                                406 East Joppa Road
                                                                Towson, Maryland 21286
                                                                410-832-1800
                                                                Attorney for Plaintiff

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\GEICO v. Fulgeras\DJ Complaint.doc